Otis James Hughes III, pro se
Saguaro Corr. Cntr. _____
1252 E. Arica Rd.
Eloy, AZ 85131

U.S. COURTS

MAY 1 3 2025

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF IDAHO

*Supreme Court Docket No. 50820-2023*

|                                      |     |                                                         |
| ------------------------------------ | --- | ------------------------------------------------------- |
| OTIS JAMES HUGHES III                | )   | CASE NO. CV01-21-12743                                   |
|                                      | )   |                                                         |
| Petitioner                           | )   | ADDENDUM TO                                              |
|                                      | )   | PETITION FOR WRIT                                        |
| v.                                   | )   | OF HABEAS CORPUS                                         |
|                                      | )   |                                                         |
| DIRECTOR,                            | )   | MEMORANDUM IN SUPPORT                                    |
| STATE OF IDAHO DEP'T OF CORR.        | )   | OF PETITION FOR WRIT OF                                  |
|                                      | )   | HABEAS CORPUS                                            |
| Respondent                           | )   |                                                         |

## INTRODUCTION

Petitioner's addendum to Petition for writ of habeas corpus. Petitioner, acting

pro se, respectfully petitions this Court for a writ of habeas corpus and sets forth the following points

and authorities. Petitioner incorporates by reference the accompanying Petition for Writ of Habeas

Corpus, and any attached exhibits.

The claims contained in the petition and this addendum were presented by the Petitioner to the

State Courts and are cognizable claims upon which relief may be granted. The Petitioner argues the

rulings by the State Courts were contrary to the facts in the criminal case as well as to established

federal law as determined by the U.S. Supreme Court as the convictions in the underlying criminal

case were in violation of the United States Constitution and the Petitioner's substantial rights.

1-Memorandum in Support of Petition

## Nature of Case

Petitioner is in custody pursuant to judgment of an Idaho State Court, and seeks relief on the ground that his imprisonment and sentence are in violation of his rights under the U.S. Constitution.

## Statement of Facts and Course of Proceedings

The Petitioner was charged in Ada County Idaho in the Fourth Judicial District with multiple drug related offenses. A jury found the Petitioner guilty on all counts. He timely appealed; the Idaho Court of Appeals affirmed the convictions. The Petitioner thereafter filed a petition for post-conviction relief with the district court. The Petition was dismissed for failure to establish genuine issue(s) of material fact(s). The Petitioner timely appealed. The Court affirmed the district court's dismissal. The Petitioner filed a petition for review with the Idaho Supreme Court. The court denied that petition.

The Petitioner claims the convictions in the underlying criminal case were in violation of the US constitution which: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

### ARGUMENT

The Petitioner argues the convictions in the underlying criminal case were contrary to the facts presented by the Petitioner to the Idaho State Courts and, or involved the denial of the Petitioner's substantial rights, as determined by the U.S. Supreme Court. And, that pursuant to *USCS 18§ 2254(d)*

adjudication of the claims presented by the Petitioner in his Petition for Writ of Habeas Corpus to the

Idaho State Courts:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## Claim I: The Petitioner was Denied the Effective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed by the court under the *Strickland-v-Washington* standard. Under this standard of review a petitioner-Petitioner must show: 1.) that counsel's performance was "deficient"; and 2.) that counsel's deficient performance caused prejudice. Further, the court requires a showing that counsel's deficient performance "fell below an objective standard of reasonableness" and was not the result of a "strategic or tactical decision.

The Petitioner argues that the was denied the effective assistance of counsel in violation of 6th Amendment of the United States constitution. Counsel failed to request severance from the Petitioner's co-defendant. Furthermore, counsel failed to object to the violation of the Petitioner's right to confront witnesses against him, as the Petitioner's co-defendant's statements were used to implicate the Petitioner in the crimes he was charged and later convicted of, though the Petitioner's co-defendant did not testify directly, nor was the Petitioner given an opportunity to cross-examine his co-defendant. Furthermore, counsel failed to investigate, which caused deficient performance, as such a decision to subpoena the Petitioner's co-defendant or to request severance could not be made without counsel first having obtained the information upon which such a decision could be made.

3-Memorandum in Support of Petition

First, Petitioner established that counsel failed to object at trial to the denial of the defendant's right to confront the witnesses against him as well as the denial of the opportunity to to cross-examine these adverse witnesses at trial, namely co-defendant Ben Jephson; see (R.50820,Supp.R.p.27,brief in support of petition,p.22) and (R.50820,Supp.R.p.40,brief in support of petition,p.35).

1.)Deficient Performance

The Petitioner argues that counsel's failure to object at trial to the denial of the right to confront the witnesses against him as well as the denial of the right to cross-examine these witnesses at trial constitutes deficient performance. Also, defense counsel cannot be said to have made a tactical or strategic decision not to object at trial when the defendant's right to confront witnesses against him was violated as counsel failed to investigate the issues involved, and, as such was ignorant of the relevant facts upon which such a decision not to object would have been based upon. Furthermore, there would be not tactical or strategic reason not to object, but simply a failure to do so. The Petitioner argues that such establishes deficient performance.


2. Prejudice

The Sixth Amendment provided that "in all criminal prosecutions, the accused shall enjoy the right...to be confronted with the witnesses against him", which extends to state prosecutions through the due process clause of the Fourteenth Amendment; see *Pointer-v-Texas,* 380 US 400, 413 (1965). This "face-to-face confrontation enhances the accuracy of fact finding by reducing the risk that a witness will wrongly implicate an innocent person", *Maryland-v-Craig,* 497 US 836, 846 (1990).

The Petitioner argues that he was denied this substantial right to confrontation at trial when counsel failed to object to the prosecution's use of recorded statements which were introduced at

4-Memorandum in Support of Petition

trial of the Petitioner's co-defendant, Ben Jephson. These out-of-court statements were used by the

prosecution, (R.TR.p.159,L.7-p.164,L.24) and (Id.,p.351,L.2-p.356,L.24), to prove essential elements of

the crimes which the Petitioner was then convicted. The Petitioner argues that the denial of the right

to confront this witness and cross-examine this witness did cause prejudice and was not harmless; see

*Gray-v-Moore,* 520 F.3d 616, 622-23 (6th cir 2008), confrontation right allows cross-examination of

witness in defendant's presence.

As such, the Petitioner argues that the district court erred in dismissing his petition for post-

conviction relief as the Petitioner established that counsel's performance was deficient and that this

deficiency caused prejudice. And, furthermore, that this prejudice resulted in the denial of the

Petitioner's substantial rights and that such error was not harmless. The Petitioner also argues that

this establishes a genuine issue of material fact. As such, the state court erred in dismissing this claim.

Second, the Petitioner established that counsel was ineffective in failing to make any attempt to

interview the Petitioner's co-defendant, Ben Jephson,(R.50820,Supp.R.p.22,brief in support of

petition,p.17), who provided statements exculpating the Petitioner after his arrest and made while he

was in the Ada County Jail; see (R.50820,p.163-164). The district court ruled that defense counsel "did

not know" about the exculpatory statements made by Mr. Jephson which were recorded. The district

court further stated, "if counsel had known, this would have been a colorable claim", (R.50820,p.177).

1.)Deficient Performance:

The district court later filed an "Order of Correction" in which the court stated that counsel, in

fact, "was aware of...those recordings", (R.50820,p.193-198). The Petitioner argues that as counsel

was aware of these recordings, which exculpate the Petitioner, counsel was ineffective in failing to

investigate these statements or to make any attempt to interview Mr. Jephson prior to trial. This

failure cannot be considered tactical or strategic, meeting the first prong *Strickland*.

2. Prejudice

The Petitioner argues that by failing to introduce these statements made by the Petitioner's

co-defendant, Ben Jephson, while at the Ada County Jail, to the jury, counsel provided ineffective

assistance as this violated the Defendant's right to confrontation, to include to impeach, concerning

both police testimony that relied on the truth of Mr. Jephson's out-of-court statements, as well as the

right to cross-examine Mr. Jephson concerning these out-of-court statements recorded by law

enforcement acting undercover, and which were used by the prosecution at trial to establish essential

elements of the crimes which the Petitioner was then convicted; see (R.50820,p.163-164, Affidavit of

co-defendant Ben Jephson). *Brunton-v-US,* 391 US 123, 137 (1968), violation when defendant is

directly implicated by co-defendant's out-of-court statement.

> Confrontation right allows defendant to expose falsehoods and inconsistencies,
> challenge witnesses credibility by demonstrating bias, prejudice, ulterior motive
> or untruthful disposition, *US-v-Ramos-Cruz,* 667 F.3d 487, 503-04 (4th cir 2012)
>
> Preclusion of credibility evidence would have violated defendant's Sixth Amendment
> confrontation rights, *US-v-Lopez-Ortiz,* 736 F.Supp.2d 2010 US Dist.Lexis 96169
> DPR 2010

As such, the Petitioner argues that counsel provided ineffective assistance in failing to challenge

the out-of-court statements made by co-defendant Jephson to police and used at trial by the

prosecution to establish essential elements of the crimes which the Petitioner was then convicted, to

include the essential element of intent (distribution) offered by the prosecution at trial; nor was the

defendant given an opportunity to directly confront his co-defendant, Mr. Jephson, who made those

statements recorded by law enforcement and then used at trial to convict the Petitioner.

As such, the Petitioner argues these errors did cause prejudice and were in violation of the Petitioner's substantial rights and, furthermore, that this deficiency in counsel's performance cannot be characterized as "strategic", *US-v-Gray*, 878 F.2d (3rd cir 1989). The Petitioner further argues the district court erred in dismissing the Petition as counsel did know of the other recorded statements made by co-defendant Jephson, recorded while he was in the Ada County Jail, but failed to investigate; and that there would be not strategic value in failing to do so or in failing to introduce these statements made by co-defendant Jephson at trial. Furthermore, the Petitioner argues that this establishes a genuine issue of material fact. As such, the state court erred in dismissing this claim.

Third, the Petitioner argues that counsel provided ineffective assistance in failing to file a motion of serverance, resulting in prejudice. The district court ruled the Petitioner failed to raise this issue in his petition. The Petitioner argues the court erred, as this issue was raised in the Petitioner's brief in support of petition; see (R.50820,Supp.R.p.9 and p.40,brief in support of petition,p.5 and p.35) and developed in subsequent proceedings. The Petitioner further argues the district court erred as counsel provided ineffective assistance in failing to file a motion of serverance resulting in prejudice and, further, provided ineffective assistance in failing to preserve this issue for appeal.

1. Deficient Performance

The Petitioner argues that joinder of the Petitioner with his co-defendant, Ben Jephson, "compromise[d] a specific trial right"; that being the right to confrontation, *Zafiro-v-US,* 506 US 534, 539 (1993). The Petitioner argues that defense counsel provided ineffective assistance in failing to file a motion of serverance to subject co-defendant's Jephson's out-of-court statements made to law enforcement and used by the prosecution at trial to full and effective cross-examination at trial constituting deficient performance and causing prejudice when counsel failed to file a motion of

severance. This Petitioner argues that this constitutes deficient performance.

2. Prejudice

The Petitioner further argues that prejudice resulted as the Petitioner was prevented from directly confronting co-defendant Jephson at trial concerning co-defendant Jephson's out-of-court identification of the Petitioner as well as material elements of the charges against him, of which the Petitioner was later convicted as previously stated; see *Brunton-v-US*, 391 US 123, 137 (1968), violation when defendant is directly implicated by co-defendant's out-of-court statement.

Here, the prosecution used recordings containing statements made by co-defendant Jephson during the recording of a "controlled buy" to establish elements required to convict both co-defendant Jephson and the Petitioner. The prosecution used these recordings and the statements contained therein at trial to connect the Petitioner to the "controlled buy". Co-defendant Jephson did not testify directly at trial and the defendant was not provided an opportunity to physically confront co-defendant Jephson at trial and cross-examine him concerning these out-of-court statements which were used by the prosecution to obtain a conviction of both co-defendant Jephson and the Petitioner in the underlying criminal case.

And a *Brunton* violation occurs when a co-defendant 's out-of-court statements "obvious[ly]" referred to the defendant and incriminated him", *US-v-Nash,* 482 F.3d 1209, 1218 (10th cir 2008). Furthermore, co-defendant Jephson's recorded statements made by the police and used by the prosecution at trial were testimonial, (R.TR.p.159,L.7-p.164,L.24) and (Id.p.351,L.2-p.356,L.24); see *Crawford-v-Washington,* 541 US 36, 51-52 (2004); as these statements were used to establish essential elements of the charges against the Petitioner, which were used to convict him; see *US-v-Taylor,* 745 F.3d 15, 28 (2nd cir 2014), confrontation clause violated by nontestifying

co-defendant's statement because statement implicated defendant.

As such, the Petitioner argues that counsel provided ineffective assistance in failing to file a motion of serverance which then resulted in a *Brunton* violation. Furthermore, the Petitioner argues that there would be no strategic or tactical advantage in failing to file such a motion of serverance prior to trial. The Petitioner argues this constitutes ineffective assistance of counsel in violation of the *Sixth Amendment* of the US Constitution, applicable to the states through the *Fourteenth Amendment*. The Petitioner further argues that such establishes a genuine issue of material fact and that the state court erred in dismissing this claim. Finally, that such denial of the right to confrontation is also structural error which requires the convictions in the underlying criminal case be vacated.

The state court dismissed these claims stating the claims were not supported by admissible evidence and, further, stated the claims were not raised in the post-conviction petition. The state court concluded that the petition for post-conviction relief failed to establish genuine issues of material fact. The Petitioner argues that the state court erred as the claims were supported by admissible evidence upon which relief could be granted, that he did raise he claims in the post-conviction proceedings and that his claims did establish genuine issues of dispute and, as such, the dismissal of these claims was contrary to the facts presented by the Petitioner to the court and, furthermore, the state court's rulings were contrary to, or involved an unreasonable application of, established federal constitutional law.

First, the Petitioner argues that counsel failed to present out-of-court statements of co-defendant Ben Jephson at trial to impeach or otherwise contest the testimony of Boise Police detectives who provided testimony at trial, as well as the recorded out-of-court statements made by co-defendant Jephson during a controlled buy of narcotics, which were used at trial to implicate the

Petitioner. Co-defendant Jephson did not testify at trial. Additional out-of-court recorded statements were made by co-defendant Jephson while incarcerated in the Ada County jail, where Jephson gave permission to the Petitioner's then girlfriend to record conversations and use them at trial, in the event Mr. Jephson did not testify, which he did not, as stated. Here, in lieu of the recordings themselves, which could not be filed with the court in the post-conviction proceedings, the Petitioner filed an affidavit of co-defendant Jephson,(R.p.163-164), which summarized the content on those recordings. The Petitioner argues that the state court has erred. As shown in the record, the state court ruled that these recordings *would have been admissible* in the underlying criminal proceedings, (R.p.112-113,TR.p.32,L.7-p.34,L.20).

The State also argued that "the document is not notorized or otherwise authenticated". The Petitioner argues that such document is admissible. This affidavit, (R.p.163-164), stated: "I understand that this affidavit will be used as evidence in case CV01-21-12743" and "I hereby make the above statement under penalty of perjury". On review of a summary dismissal of a post-conviction petition, the appellate court will "determine whether a genuine issue of material fact exists based on pleadings, depositions and admissions together with any affidavits on file. Furthermore, if the petition, affidavits or other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed, *Charboneou-v-State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004), and an evidentiary hearing must be conducted to resolve the factual issues, *Goodwin-v-State*,138 Idaho 269, 272, 61 P.3d 626, 629 (2002). The Petitioner argues that based on affidavit, a genuine issue of material fact was established and, as such, the state court erred in dismissing this claim.

The state court ruled that these recordings, summarized in the affidavit, (R.p.163-164), would have have been admissible evidence in the underlying criminal case trial, (R.p.112-113,TR.p.32, L.7-p.34,L.20). The district court ruled that these recordings would be admissible pursuant to IRE804, (Id.). As such, the Petitioner argues that this evidence supporting the petition alleges a genuine issue of material fact and, as such, would require an evidentiary hearing to resolve any factual issues and, as such, the dismissal was contrary to the record in the state court proceedings.

Second, the Petitioner argues that he presented his claims to the state court, (R.p.9-19) and (R.Supp.R.p.1-49), claims that counsel failed to move to request severance of defendants, (R.Supp.R.p.8), and that counsel failed to object to the denial of the defendant's right to confront the witnesses against him, (R.Supp.R.p.7). Also, the petitioner claimed, (R.supp.R.p.2), the search warrant was defective. These claims were included in the petitioner's brief, (R.Supp.R.1-49), which was filed with the petition, (R.p.9-19). Both were filed together on August 18, 2021. The district court declined to address these claims. The state argued that the district court correctly "declined to address claims not raised in the petition, (Resp.brief,p.2), and further argued that the claim of confrontation rights was "raised for the first time on appeal", (Id.). The Appellant argues that the state court erred as the claims were presented to the state courts and the state court's findings are contrary to the record.

Also, the State again argued that "the district court declined to address claims not raised in petition", (Resp.brief,p.2), concerning "severance of defendants". The Petitioner argues that the claim that counsel failed to move to sever defendants in violation of the "Fourteenth Amendment right to due process...failure of severance of defendants [caps omitted]", (R.Supp.R.p.8), was raised, (Id.), and that the State's argument is without merit and contrary to the record in the post-conviction proceedings, and that the state court erred in failing to consider this claim.

Further, the State once again argued that the claim that counsel failed to object to denial of "confrontation right was raised for first time on appeal", (Resp.brief,p.2). The Appellant argues that the claim that counsel failed to object to "violations of the Fifth Amendment at trial, Sixth Amendment at trial...Sixth Amendment [ ] trial violations such as confrontation clause...and confrontation right of both defendant and co-defendant [caps omitted]", (R.Supp.R.p.9), was raised, (Id.), and that the State's argument is without merit and contrary to the record in the post-conviction proceedings.

Third, the Petitioner argues that he did establish genuine issues of material fact upon which relief may be granted and that the state court erred in failing to consider these claims. The Petitioner argued in state court that counsel was ineffective in failing to make any attempt to interview the Appellant's co-defendant, Ben Jephson,(R.50820,Supp.R.p.22,brief in support of petition,p.17), who provided statements exculpating the Appellant after his arrest and made while he was in the Ada County Jail; see (R.50820,p.163-164). The district court ruled that defense counsel "did not know" about the exculpatory statements made by Mr. Jephson which were recorded. The district court further stated, "if counsel had known this would have been a colorable claim", (R.50820,p.177).

The State argued that because the Petitioner's co-defendant was not going to testify, counsel had no obligation to investigate or interview co-defendant Jephson. However, the Petitioner argues that counsel could not have made a strategic or tactical decision whether to use any statements co-defendant Jephson had made as counsel failed to investigate or to interview co-defendant Jephson prior to trial to determine if he was willing to testify. Furthermore, counsel made no attempt to subpoena co-defendant Jephson or to obtain or request any prior statements he had made. The Petitioner argues that as such, counsel did not have the facts upon which such decisions could be made, and that such a failure by counsel constitutes ineffective assistance as there would be

not strategic benefit in failing attempt to interview co-defendant Jephson or to subpoena him as a

witness. The Petitioner argues that this did cause prejudice as the Petitioner was then prevented from

confronting co-defendant Jephson at trial resulting in a violation of the Petitioner's substantial rights.

Furthermore, as stated, co-defendant Jephson did not testify at trial, causing a denial of the right

to confront concerning the testimonial statements used at trial made by the Boise Police during a

controlled buy of narcotics, (R.p.130-131,TR.p.351,L.2-p.356,L.24) and (R.p.118-119,TR.p.159,L.7-

p.164,L.24) and the statements made by co-defendant Jephson in those recordings used at trial by the

state, (Id.). The Petitioner argues that counsel had a duty to investigate to make such a determination

as to whether to subpoena the witness or to use any out-of court statements at trial to impeach the

testimony which was provided by the Boise Police detectives, but failed to do so. The Petitioner

further argues as the state courts  failed to address the merits of this claim and the issues involved,

the State cannot demonstrate that this claim is without merit or failed to establish a genuine issue of

material fact.

Also, the Petitioner argued that counsel provided ineffective assistance in failing to file a motion

of serverance, resulting in prejudice. The district court ruled the Petitioner failed to raise this issue in

his petition. The Petitioner argues the court erred, as this issue was raised in the petitioner's brief in

support of petition; see (R.50820,Supp.R.p.9 and p.40,brief in support of petition,p.5 and p.35), which

was filed with the petition, (R.p.9-19) on August 18, 2021. The Petitoner further argues the district

court erred as counsel provided ineffective assistance in failing to file a motion of serverance resulting

in prejudice and, further, provided ineffective assistance in failing to preserve this issue for appeal.

Additionally, the district court erred in failing to address this claim, as stated.

The State argued that the Petitioner's claims that counsel provided ineffective assistance in failing to request the court "sever" the defendants in the underlying criminal case was not raised by the petitioner in his petition for post-conviction relief. Therefore, the claim cannot be considered by the court on appeal. The State otherwise failed to address the merits of the claim and issue. The Petitioner argues that the State erred, as these issues were raised, see(R.50820,Supp.R.p.9 and p.40,brief in support of petition,p.5 and p.35). Furthermore, as the issues involve the denial of a substantial right, that the state court did have the authority to consider such claims. Additionally, post-conviction proceedings are designed to protect the constitutional rights. As such, the Petitioner argues that the state court has the authority to consider this claim and the issues involved. Also, the State, in failing to address the merits of this claim and the issues involved, failed to demonstrate that the Petitioner's claim and issues are without merit. The Petitoner argues that this claim and issues establish a genuine issue of material fact and that there was no strategic benefit in counsel failing to request severance.

Further, the Petitioner argued, that counsel failed to object at trial to the denial of the defendant's right to confront the witnesses against him, to include the denial of the opportunity to cross-examine co-defendant Ben Jephson at trial; see (R.Supp.R..p.7-9); (R.Supp.R.p.27,brief in support of petition,p.22) and (R.Supp.R.p.40,brief in support of petition,p.35). The State, again, claimed the district court did not err and dismissal was appropriate but otherwise failed to address this claim and the issues involved. The Petitioner argues that the State erred in claiming that this claim and the issues involved were not raised by the Petitioner as this argument is contrary to the record in the post-conviction proceedings. Furthermore, the State failed to address the issue of denial of confrontation rights. As such, the Petitioner argues that the State failed to show this

claim and the issues involved are without merit.

The State argued that the Petitioner failed to raise this claim in his petition for post-conviction relief and, therefore, the claim and issue cannot be considered by the court on appeal. The Petitioner argues, however, the State erred, as this issue was raised in the petitioner's brief in support of petition; see (R.50820,Supp.R.p.9 and p.40,brief in support of petition,p.5 and p.35). The Petitioner further argues that counsel provided ineffective assistance in failing to object at trial to the denial of the defendant's right to confront the witnesses against him as well as the denial of the opportunity to to cross-examine this witnesses at trial, namely co-defendant Ben Jephson. The Petitioner further argues that as the State failed to address the merits of this claim and issues the State cannot demonstrate that it is without merit or fails to establish a genuine issue of material fact.

As such, a *Brunton* violation occurs when a co-defendant 's out-of-court statements "obvious[ly]"referred to the defendant and incriminated him", *US-v-Nash*, 482 F.3d 1209, 1218 (10th cir 2008). Furthermore, co-defendant Jephson's recorded statements used by the prosecution at trial were testimonial, (R.p.118-119,TR.p.159,L.7-p.164,L.24) and (R.p.130-131,TR.p.351,L.2-p.356,L.24); see *Crawford-v-Washington*, 541 US 36, 51-52 (2004); these statements were used to establish essential elements of the charges against the Petitioner, which were used to convict him; see *US-v-Taylor*, 745 F.3d 15, 28 (2nd cir 2014), confrontation clause violated by nontestifying co-defendant's statement because statement implicated defendant.

Lastly, the Petitioner contends that the search warrant obtained by law enforcement, (R.p.166-167), and the supporting affidavit, (Id.), in the underlying criminal case is defective as it is dated "2010", (Id.).  Law enforcement obtained this warrant to search the hotel room of the Petitioner. The

judge who signed this warrant stated that he remembered signing the warrant but failed to notice the error in the date. The Petitioner did raise this claim in his petition, (R.Supp.R.p.2). The State did not address this claim.

In summary, the Petitioner argues that counsel provided ineffective assistance in failing to file a motion of serverance which then resulted in a *Brunton* violation. Furthermore, the Petitioner argues that there would be no strategic or tactical advantage in failing to file such a motion of serverance prior to trial and that such constitutes ineffective assistance of counsel in violation of the *Sixth Amendment* of the US Constitution, applicable to the states through the *Fourteenth Amendment*. And, the Petitoner argues that these claims and the issues involved establish genuine issues of material fact. Finally, that such denial of the right to confrontation is also structural error which requires the convictions in the underlying criminal case be vacated.

In summary, the Petitioner argues that he has established genuine issues of material fact upon which relief may be granted in habeas corpus proceedings.

## CONCLUSION

The Petitioner argues the State Court's findings of fact and conclusions of law were contrary to the record in the underlying criminal case and were also contrary to established federal law, as determined by the U.S. Supreme Court. And the convictions were in violation of the United States Constitution. Furthermore, the Petitioner proved the claims presented in his Petition for Writ of Habeas Corpus and is entitled to the relief requested. Furthermore, these violations of the United State's Constitution had a substantial and injurious effect or influence on the verdict in the State Court Proceedings and on the Petitioner's constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioner prays the Court grant the relief requested in the Petitioner's

Petition for Writ of Habeas Corpus;  see (*Petition for Writ of Habeas Corpus*)

SUBMITTED this ____6th____ day of ____May____, 20_25_.

I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Otis James Hughes III, pro se

17-Memorandum in Support of Petition