UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OTIS JAMES HUGHES,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>BREE DERRICK,<br><br>　　　　　　　　Respondent. | Case No. 1:25-cv-00256-AKB<br><br>**INITIAL REVIEW ORDER** |

Petitioner Otis James Hughes has filed a Petition for Writ of Habeas Corpus challenging his state court convictions. *See Pet.*, Dkt. 2. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

**1.　　Petitioner's Motion to Stay and Motion to Toll Time**

As an initial matter, the Court must address Petitioner's Motion to Stay and Motion to Toll Time. A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims in at least a petition seeking review before that court. *Id.* at 847.

INITIAL REVIEW ORDER - 1

In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Court determined that federal district courts may stay a habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court for review of the perfected petition. In determining whether to exercise discretion to grant a stay, a district court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277–78. Although the *Rhines* case involved a mixed petition (one that includes both exhausted and unexhausted claims), the Ninth Circuit has extended *Rhines* and determined that "a district court may stay a petition that raises *only* unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

Petitioner asks that this Court to stay the instant habeas proceedings because Plaintiff is awaiting a final state court decision and that his claims are not fully exhausted. Dkt. 4 at 1. However, the Petition clearly states that Petitioner's direct appeal and post-conviction proceedings are completed. *Pet.* at 2–3. Petitioner has not identified the state court proceeding in which he asserts he is currently exhausting his claims, nor has he identified which claims are unexhausted. Therefore, Petitioner has not shown good cause for a stay at this time. The Court will deny Petitioner's Motion to Stay, but Plaintiff may renew the motion if he can establish good cause and can satisfy the other *Rhines* factors.

In Petitioner's Motion to Toll Time, he asks the Court to inform him of the "clear number of days that remain to file a habeas corpus petition." Dkt. 5 at 2. The Court cannot give legal advice, and it is Petitioner's responsibility to file a timely habeas petition. In any event, without the entire state court record, it is impossible for to determine when the statute of limitations began or ended. Accordingly, Petitioner's Motion to Toll Time will be denied.

INITIAL REVIEW ORDER - 2

2.      **Review of Petition**

  *A.      Background*

In the First Judicial District Court in Shoshone County, Idaho, Petitioner was convicted on seven counts of drug-related crimes. *Pet*. at 2. Petitioner unsuccessfully pursued a direct appeal as well as state post-conviction relief. *Id*. at 2–3.

In the instant Petition for Writ of Habeas Corpus, Petitioner brings two claims.[1] Claim 1 asserts ineffective assistance of trial counsel based on counsel's alleged failure (a) to file a motion to sever the charges against Petitioner's co-defendant; (b) to object to a Confrontation Clause violation regarding Petitioner's co-defendant's statements; and (c) to investigate, interview, or subpoena Petitioner's co-defendant. Dkt. 2-2 at 3, 12. Claim 2 asserts that a search warrant was invalid because it had the wrong date and, therefore, that the search was unreasonable under the Fourth Amendment. *Id*. at 15–16.

  *B.      Discussion*

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Habeas relief is not available for violations of state law, such as claims of error during

---

[1]      The Petition clearly identifies only one claim—ineffective assistance of counsel—containing three sub-claims. However, in his Memorandum in Support of the Petition, Petitioner appears to assert a Fourth Amendment claim. *See* Dkt. 2-2 at 15–16. Mindful of Petitioner's pro se status, the Court will consider this additional claim as Claim 2 of the Petition.

state post-conviction proceedings. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam). Further, Fourth Amendment claims are not cognizable in federal habeas corpus unless the state courts did not provide the petitioner an opportunity for "full and fair litigation" of the claim. *Stone v. Powell*, 428 U.S. 465, 494 (1976).

The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

Accordingly, Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

## ORDER

**IT IS ORDERED:**

1.   Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is **GRANTED**. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

2.   Petitioner's Motion to Stay (Dkt. 4) is **DENIED** without prejudice.

3.   Petitioner's Motion to Toll Time (Dkt. 5) is **DENIED**.

4.   The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 2), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

5.      Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer on the merits if the motion is unsuccessful); or (2) an answer on the merits that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). The Court may consider the merits of claims that may be subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

6.      Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c). It is presumed that Petitioner has a copy of the state court record from his previous counsel. If Petitioner does not, Petitioner may file a motion to obtain relevant portions of the record, wherein Petitioner must state which portions of the state court record Petitioner does possess.

7.      If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and

brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

8. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

9. In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

10. If any of Petitioner's claims is currently under consideration in state court proceedings, any party may file a motion to stay this case pending the outcome of those proceedings. *See Rhines*, 544 U.S. at 277–78.

11. No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

12. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

13. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

INITIAL REVIEW ORDER - 6

14.     Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

15.     All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

16.     Petitioner must at all times keep the Court and Respondent advised of any change in address.

INITIAL REVIEW ORDER - 7

17.     If Petitioner's custodian changes at any point during this litigation, Petitioner must
        file a Notice of Substitution of Respondent, within 28 days of such change,
        identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d);
        Habeas Rule 2(a).

DATED: September 3, 2025

Amanda K. Brailsford
U.S. District Court Judge